IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| The Home Depot, Inc., *et al.*, | : | Case No. 1:21-cv-242 |
| | : | |
| Plaintiffs, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | |
| | : | |
| Steadfast Insurance Company, *et al.*, | : | Order Granting Motions for Leave to File |
| | : | Documents Under Seal |
| Defendants. | : | |

This matter is before the Court on Plaintiff The Home Depot, Inc.'s ("Home Depot") Motion Seeking Leave to File Document under Seal (Doc. 50) and Defendant Steadfast Insurance Co.'s ("Steadfast") Motion for Leave to File Documents Under Seal. (Doc. 49.) Steadfast seeks to file under seal an email and attached strategy planning document prepared for Home Depot by its insurance broker and an Event Qualification Summary prepared by VISA relating to Home Depot's data breach. Home Depot seeks to file a version of an expert witness report which redacts two sentences referencing the VISA report.[1] For the reasons that follow, the Motions are **GRANTED**.

I. **Background**

This insurance dispute stems from the denial of insurance coverage by Steadfast and Great American Insurance Co. to Home Depot. Home Depot suffered a large data breach in 2014. (Doc. 1 PageID 2.) As a result of the data breach, credit card companies sued Home Depot seeking to recover, among other things, damages for the cost of replacing physical credit cards. (*Id*.) Defendant insurance companies declined to defend Home Depot in this litigation

---

[1] The parties provided unredacted copies of all documents to be filed under seal or redacted to the Court for in-camera review. The Court has examined each of these documents.

and claimed that the insurance policies in effect at the time did not cover this sort of loss. (*Id.*). The parties now seek to file certain records under seal as part of a motion for summary judgement and a *Daubert* motion.

## II. Legal Standard

A party moving to seal court records must overcome a significant burden: "[o]nly the most compelling reasons can justify the non-disclosure of judicial records." *Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The Sixth Circuit differentiates between protective orders entered pursuant to the discovery provisions of Fed. R. Civ. P. 26 and orders to seal court records—the latter requiring heightened scrutiny. *Id*. Unlike pretrial discovery, the public has a strong interest in access to information actually placed in the public record. *Id*. And the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome presumption of access. *Id.* Where a party can show a compelling reason for sealing all or a portion of a document, the seal must be narrowly tailored to serve that reason. *Id*. The movant must "analyze in detail, document by document, the propriety of secrecy providing reasons and legal citations." *Id*. at 305–06 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

In ruling on a motion to seal, a court must set forth its specific findings and conclusions "which justify nondisclosure to the public." *Id*. at 306 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). A district court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal. *Id*.

## III. Analysis

The parties have met their burden to demonstrate a compelling reason to justify sealing the documents at issue here. The Court will consider each document in turn.

The first document Steadfast seeks to seal was prepared by Home Depot's insurance broker, Marsh & McLennan Companies ("Marsh"), for a renewal placement meeting. This document contains several types of sensitive and confidential information. It includes detailed pricing information regarding Home Depot's insurance coverage, projected future costs of insurance, and detailed information about Home Depot's insurance renewal strategies. While this information is several years old, its public disclosure would put Home Depot at a competitive disadvantage in future insurance negotiations. Furthermore, the email and attached report contain the contact information of several Marsh employees as well as confidential medical information of a number of Home Depot employees. The public interest in such information is minor. The confidential information contained in this document is tangential to the legal and factual issues involved in this case. As a result, the court finds that the interests in protecting this confidential information are compelling, and the public interest in the information is minimal.

The second document Steadfast seeks to seal is a confidential report prepared by VISA regarding Home Depot's data breach. This information includes a number of details from a forensic report investigating the data breach, including detailed information about potential security vulnerabilities in Home Depot's systems. It also includes information about the level of damage to compromised cardholders. If this information were made public, it could damage the cybersecurity efforts of Home Depot and VISA. As a result, there is a compelling reason to seal this document. Public disclosure might put the public at greater risk of future data breaches and might discourage VISA from sharing such reports with companies in the future. These interests are sufficiently compelling as to outweigh the public interest in this document and overcome the

presumption of access.

Turning to Home Depot's motion, Home Depot seeks to redact two sentences from an expert witness report containing information from the VISA report. The Court has explained above why the VISA report should be sealed. Since the considerations apply similarly to information taken from the report, the Court finds that this redaction is appropriate.

The parties likewise wish to redact narrow portions from their briefs that quote or cite the sealed documents. Since the same considerations apply to the information taken from the sealed documents as apply to the documents themselves, narrow redactions to the parties' filings are appropriate.

### IV. Conclusion

The parties in this case move to file under seal only two documents containing sensitive and confidential information, a small subset of the total number of documents. The parties already have cooperated in removing confidential designations from a number of documents covered by the Protective Order. The parties request to redact only a few sentences from other documents referencing the sealed documents. Accordingly, the Court finds that the movants have met their burden of demonstrating a compelling reason to justify nondisclosure of these documents to the public. The parties' Motions (Doc. 49 and 50) are therefore **GRANTED**. Parties are directed to file unredacted copies of any redacted documents under seal.

**IT IS SO ORDERED.**

S/Susan J. Dlott_____
Susan J. Dlott
United States District Judge