EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Target Corporation, a Minnesota corporation,<br><br>        Plaintiff,<br>v.<br><br>ACE American insurance Company, a Pennsylvania corporation, and ACE Property & Casualty Insurance Co., a Pennsylvania corporation<br><br>        Defendants. | Case No. 19-cv-2916 (WMW/DTS)<br><br>**RULE 26(f) REPORT** |

The counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on February 11, 2020 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 has is scheduled for March 3, 2020 at 10:30 a.m. before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, and are familiar with the amendments.

## DESCRIPTION OF THE CASE

    1.    **Concise factual summary of Plaintiff's claims:**

        In December 2013, Target discovered that a hacker had installed malicious software on its computer network ("Data Breach"). The Data Breach enabled the attacker to steal payment card data and personal contact information, resulting in instances of payment card fraud and rendering

millions of physical payment cards unusable. This lawsuit concerns only the portion of liability Target bore for the loss of use of those physical payment cards, not liability arising from specific instances of fraud arising from the Data Breach.

As a result of the Data Breach, numerous banks were required to dedicate substantial resources to cancelling and reissuing physical payment cards. These costs include, for example, the cost of producing the plastic card, mailing the card to consumers, and otherwise reissuing the physical card. Those banks subsequently sued Target for their losses, including the losses directly caused by the replacement of the physical cards. Target was able to settle all of the claims, including the claim for the replacement of physical payment cards.

ACE insured Target against such settlements under both primary and excess general liability policies. These policies provide coverage for losses because of property damage, defined to include "loss of use of tangible property that is not physically injured." Target provided notice to ACE and has provided detailed accounting of this loss, seeking coverage only for the portion of these settlement agreements attributable to the replacement of physical payment cards (as opposed to losses associated with actual fraudulent charges). Despite the clear existence of coverage, ACE nevertheless denied the claim and has refused to pay it.

None of the losses that are the subject of this litigation have been covered by any other insurance policy issued to Target. While Target's cyberinsurance policies responded to the Data Breach, those policies were insufficient to cover all of Target's losses, and Target did not submit claims for the loss of use of tangible property that is not physically injured to the cyberinsurance policies.

Target's Complaint contains claims for declaratory judgment under the ACE primary policy (Count I); breach of contract under the ACE primary policy (Count II); declaratory judgment under the ACE excess policy (Count III); and breach of contract under the ACE excess policy (Count IV).

2. **Concise factual summary of defendants' claims/defenses:**

There is no coverage under the primary or excess policies issued to Target by ACE because the sums which Target paid to settle the claims of the Issuing Banks and Card Brands (as those terms are

described in Target's Complaint) do not represent damages because of the loss of use of tangible property, as would be required for coverage to exist. The use of that which makes a physical payment card tangible property – the piece of plastic of which it is made – was not lost, it remained completely useful as a piece of tangible plastic, *e.g.,* an enterprising Minnesotan could still use the plastic card to clear a frosted windshield where no ice scraper was available. The use of that which was allegedly lost was the purely non-covered intangible information represented by the physical payment cards allowing access to one's credit or debit accounts.

Even if this does constitute a loss of use of tangible property, it was the cardholder's use of the same which was allegedly lost, not that of the Issuing Banks or Card Brands to which Target's settlement payments were made and for which insurance coverage is sought.

The ACE policies at issue also require that for coverage to apply, the claimed loss of use must be caused by an occurrence, *i.e.,* an accident. Here, the decision to replace the cardholders' plastic cards was knowingly and intentionally done to mitigate future economic loss. It was not done by accident.

Finally, a "functional analysis" of Target's insurance program shows that Target purchased specific coverage to respond to the claims of the Issuing Banks and Card Brands, with the delineation of coverage between lines being a relevant consideration in determining whether an expansive interpretation can be given to generalized coverage where specific protection exists.

ACE has responded to Target's Complaint with its own Counterclaim seeking a declaration that it provides Target no coverage for the matters at issue.

3. **Statement of jurisdiction (including statutory citations):**

This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), in that the action is between a citizen of Minnesota and citizens of a foreign state, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of

the transactions, acts, and/or omissions giving rise to the causes of action asserted herein occurred within the state of Minnesota.

4. **Summary of factual stipulations or agreements:**

The parties have agreed to service by electronic mail.

5. **Statement of whether a jury trial has been timely demanded by any party:**

Target has demanded a jury trial.

6. **Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:**

The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials.

**PLEADINGS**

1. **Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:**

Defendants have been served with process and all pleadings have been filed. The parties do not anticipate amendments or adding additional parties at this time, but reserve their rights to same if or as necessary pursuant to fact discovery.

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) within thirty days following the issuance of a protective order. As part of its initial disclosures, Plaintiff will produce the relevant (1) contracts/agreements with the Issuing Banks and Card Brands to which Plaintiff's settlement payments were made; (2) all communications between Plaintiff and the Issuing Banks and Card Brands between the time of the breach and the eventual settlement payments; (3) all settlement documents, agreements and releases between Plaintiff and the Issuing Banks and Card

Brands; and (4) Target's cyber-insurance policies in effect at the time of the breach. Defendants will produce its claim file for this insurance claim, redacted if necessary to maintain work-product and/or attorney-client privilege (Plaintiff reserves all rights with respect to any redactions that Defendants make to its claim file). Should Plaintiff require additional time to produce the materials described herein due to any confidentiality rules that apply to such documents, Defendants do not object to the granting of such additional time.

2. The parties respectfully request that further discovery in this action be stayed until after the briefing and resolution of cross-motions for summary judgment as described in more detail on page 6 of this report.

3. The parties must complete fact discovery procedures within ninety days following the rulings on cross motions for summary judgment.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and have agreed that there is no need to modify the number of discovery procedures provided for in the Federal Rules of Civil Procedure.

**EXPERT DISCOVERY**

1. The parties anticipate that they will require expert witnesses at the time of trial.

   a. Plaintiff anticipates calling 1-2 experts in the fields of allocation and damages.

   b. Defendants anticipate calling 1-2 experts in the fields of allocation and damages.

2. The parties propose that the Court establish the following plan for expert discovery:

   a. Initial experts

      i. The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before one-hundred and twenty days following the rulings on the cross-motions for summary judgment described in the Motion Schedule, below.

      ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before

        one-hundred twenty days following the rulings on cross-motions for summary judgment described in the Motion Schedule, below.

    b. Rebuttal experts

        i. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed within 30 days following receipt of the initial expert's report.

        ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served within 45 days following receipt of the initial expert's report.

3. All expert discovery, including expert depositions, must be completed within thirty days of the time for service of any rebuttal expert's written report.

**OTHER DISCOVERY ISSUES**

1. Protective Order

The parties filed a joint proposed Stipulation for Protective Order, on February 25, 2020.

2. Discovery of Electronically Stored Information

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. The parties have no related agreements or issues about which to inform the Court at this time.

3. Claims of Privilege or Protection

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D). This discussion included whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to

Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

**MOTION SCHEDULE**

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by March 17, 2020.

2. Motions seeking to amend the pleadings must be filed and served by March 17, 2020.

3. Non-dispositive motions:

    a. All non-dispositive motions relating to fact discovery must be filed and served within thirty days of the close of fact discovery.

    b. All other non-dispositive motions, including motions relating to expert discovery, must be filed and served within thirty days of the close of expert discovery.

    The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

4. Dispositive Motions

    The parties agree that a central issue in this case—whether Defendants' insurance policies provide coverage for Target's insurance claims—is a question of law that should be amenable to summary judgment immediately following the parties' initial disclosures. Early resolution of this issue will conserve both judicial and party resources and streamline resolution of the parties' disputes. To the extent that the Court finds coverage, the only remaining issue to be decided would be the amount of damages.

    The parties therefore propose the following briefing schedule for cross-motions for summary judgment on coverage:

    - Target Motion: Within forty-five days of the service of complete initial disclosures.

- ACE's Opposition/Cross Motion: Within thirty days of Target's Motion.
- Target Opposition/Reply: Within thirty days of ACE's Opposition/Cross Motion.
- ACE Reply: Within twenty days of Target Opposition/Reply

Hearing: To be set after settlement conference and at the convenience of the Court.

**TRIAL-READY DATE**

1. The parties agree that the case will be ready for trial within thirty days after the close of expert discovery.

2. The anticipated length of the jury trial is 5 days.

**INSURANCE CARRIERS/INDEMNITORS**

Plaintiff contends that the insurance policies that are the subject of this litigation cover its claims. Defendants deny they have issued insurance policies that would cover Plaintiff's asserted claims. Defendants believe that Target's cyber liability insurance would likely have provided coverage for these settlements.

**SETTLEMENT**

The parties propose that a settlement conference be scheduled to take place after the close of briefing on initial dispositive motions and before any hearing on the same.

**TRIAL BY MAGISTRATE JUDGE**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

February 25, 2020    */s/ John B. Lunseth*
John B. Lunseth II (#065341)
Mira Vats-Fournier (#0399692)
BRIGGS AND MORGAN, P.A.

                                2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel.:  (612) 977-8400
Fax:  (612) 977-8650
Email:  jlunseth@briggs.com

David B. Goodwin
Gretchen Hoff Varner
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.:  (415) 591-6000
Fax:  (415) 591-6091

*Attorneys for Plaintiff*
*Target Corporation*

February 25, 2020                */s/ Charles E. Spevacek*
Charles E. Spevacek (#126044)
MEAGHER & GEER, P.L.L.P.
33 South Sixth Street, Suite 4400
Minneapolis, MN 55402
Tel.:  (612) 338-0661
Fax:  (612) 388-8384
Email: cspevacek@meagher.com

*Attorneys for Defendants*
*ACE American Insurance Company and*
*ACE Property & Casualty Insurance*
*Company*